JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Robert L. Manning,<br><br>    **PLAINTIFF(S)**<br>v.<br><br>Westlake Financial Services, LLC, et al.,<br><br>    **DEFENDANT(S)** | 2:25-cv-04532-MEMF-BFM<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.          ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

　☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
　☐ The action is frivolous or malicious.
　☐ The action fails to state a claim upon which relief may be granted.
　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

　　If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

June 3, 2025
_____
Date

_____
United States District Judge

CV-73 (07/22)          ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On May 20, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) Plaintiff brings this action under 18 U.S.C. §1341 for frauds and swindles. (ECF No. 1 at 1.) The action is based on a car accident that Plaintiff had in December 2024 in Los Angeles. (Id. at 4.) The Defendants are the other driver, as well as the insurance companies, banks, repair shops, and other companies that resolved the aftermath of the accident. (Id. at 2-3.) A repair shop and the driver's insurer, allegedly motivated by racial animus, refused to inspect Plaintiff's car or pay for storage fees. (Id. at 5, 6.) A repair shop allegedly moved Plaintiff's car to an unknown location without performing repairs. (Id. at 7.) An auto creditor and a bank allegedly committed fraud by endorsing the repair check without it being legally endorsed. (Id.) The bank allegedly has a history of committing wire fraud. (Id. at 8.) The driver's insurer allegedly deemed Plaintiff's vehicle a total loss without looking at it. (Id. at 10.) Employees of the creditor allegedly stole Plaintiff's repair check. (Id. at 11.) Plaintiff seeks $200,000 in damages. (Id. at 14.)

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff has not met this burden.

Plaintiff has not shown that this action arises under "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]his general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court." Williams v. United Airlines, Inc., 500 F.3d 1019, 1022 (9th Cir. 2007). Plaintiff has no private right of action under the statute on which he relies, 18 U.S.C. §1341. See Ross v. Orange County Bar Ass'n, 369 F. App'x 868, 869 (9th Cir. 2010) (no private right of action under 18 U.S.C. § 1341, which is a criminal statute).

Plaintiff has not raised a federal question by alleging racial animus by private parties. When a litigant alleges a civil rights violation "against one who does not act under color of state law, the claim is not coming within the jurisdiction of the district court." Franklin v. State of Or., State Welfare Division, 662 F.2d 1337, 1345 (9th Cir. 1981). The Defendants are not state actors. See Kerr v. Northern Nevada Family Dental, 2024 WL 3071152, at *4 (D. Nev. June 20, 2024) (private parties, including private insurance companies, accused of racial animus are not state actors); Drake v. St. Paul Travelers Inc. Co., 353 F. App'x 901, 905 (5th Cir. 2009) (insurers and other parties relating to car accident were not state actors).

Finally, Plaintiff's other allegations, about his car accident being unlawfully handled, do not raise a federal question. The gravamen of Plaintiff's allegations is tortious conduct, such as theft, by private parties, which does not raise a federal question. See Franklin, 662 F.2d at 1344 ("The district court did not have subject matter jurisdiction to consider these claims of tortious conduct because they fail to allege the tortious violation of any federally protected right."); see also Allahyar v. Zamani, 2023 WL 7342560, at *2 (E.D. Cal. Nov. 7, 2023) ("[T]he complaint alleges damages sustained as a result of a motor vehicle accident, and thus does not assert a federal question."); Jackson v. Magoon Estates Ltd., 2019 WL 3430765, at *2 (D. Haw. July 30, 2019) (no federal question from suit seeking damages from car accident); Rockefeller v. Comcast Corp., 424 F. App'x 82, 83 (3d Cir. 2011) (allegation of theft does not raise a federal question).

Finally, because jurisdiction is lacking, the Court has no authority to grant leave to amend. "Subject matter jurisdiction must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). "[T]he defect in the present case is one of substance — the case does not arise under federal law. The district court, therefore, ha[s] no power to grant [Plaintiff] leave to amend [his] complaint." Id. at 1380 n.3. Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice for lack of jurisdiction.

*(attach additional pages if necessary)*